E-filing

MICHAEL W. FOSTER (State Bar No. 127691)
DANIELLE OCHS-TILLOTSON (State Bar No. 178677)
DAVID J. CARDIFF (State Bar No. 184264)
FOSTER AND ASSOCIATES
610 16TH Street, Suite 310
Oakland. California 94612
Telephone: (510) 763-1900
Facsimile: (510) 763-5952
mfoster@fosterlaborlaw.com

Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

FILED

APR 23 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ADR

| | |
|---|---|
| BAHMAN M. GHANI, | Case No. **C08-02120** PVT |
| Plaintiff, | Case Filed: March 13, 2008 |
| vs. | NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION UNDER |
| LOCKHEED MARTIN CORPORATION SPACE SYSTEMS COMPANY; DOES 1 through 20, inclusive, | 28 U.S.C. §§1441(a) & (b) |
| Defendants. | (Diversity of Citizenship) |

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA AND CLERK OF COURT:

PLEASE TAKE NOTICE that Defendant LOCKHEED MARTIN CORPORATION,

incorrectly sued as LOCKHEED MARTIN CORPORATION SPACE SYSTEMS

COMPANY, hereby removes the above-captioned action, Case No. 108CV108054, from the

Superior Court of the State of California, County of Santa Clara to the United States District

Court for the Northern District for California, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and

1

GO 44 SEC.  NOTICE OF ASSIGNMENT TO MAGISTRATE JUDGE SENT

1446.

## I.    JURISDICTION

1.    The U.S. District Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a)(1). This case may be removed pursuant to 28 U.S.C. § 144(b) because it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, it is between citizens of different states, and no defendant is a citizen of the State of California.

## II.    INTRADISTRICT ASSIGNMENT

2.    Venue in the San Jose Division of the District Court is proper because the events giving rise to Plaintiff's purported claim occurred in Santa Clara County, California. N.D. Cal. R. 3-2(e).

## III.    GENERAL INFORMATION

3.    On March 21, 2008, Plaintiff filed an unverified First Amended Complaint in Superior Court of the State of California, County of Santa Clara, entitled BAHMAN GHANI vs. LOCKHEED MARTIN CORPORATION SPACE SUPPLY SYSTEMS, designated as Case No. 108CV108054 (hereinafter the "Complaint").

4.    In the Complaint, Plaintiff alleges, among other things, that Defendant breached an alleged implied employment agreement it had with him and, following the termination of his employment, misrepresented the reasons of said termination and otherwise interfered with his ability to secure alternative employment. A true and correct copy of the Summons and First Amended Complaint from the Santa Clara County Superior Court is attached hereto as Exhibit "A".

5.    Defendant first received a copy of the Complaint on April 1, 2008, by mail from the United States Postal Service. Plaintiff did not serve the Complaint on Defendant's registered agent for service of process. Defendant filed its Answer to said Complaint in the Santa Clara County Superior Court on April 22, 2008. A true and correct copy of the Answer to Complaint is attached hereto as Exhibit "B".

1    6.  There is no other defendant, other than Lockheed Martin, named in the Complaint.

2    7.  This notice to Federal Court of Removal of Civil Action is timely in that it is filed

3    within thirty days of April 1, 2008, the date Defendant received Plaintiff's service of his

4    Complaint by mail.  Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc. 526 U.S. 344 (199);

5    Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986) (thirty day removal period runs for all

6    defendants from the date served with the original complaint; McAnally Enterprises, Inc. v.

7    McAnally, 107 F. Supp. 2d 1223, 1229 (C.D. Cal. 2000).

8    8.  This action may be removed to this Court pursuant to 28 U.S.C. § 144 (b) because

9    it is a civil action over which this Court has original jurisdiction based on diversity of

10   citizenship pursuant to 28 U.S.C. § 1332 (a).  This case is a civil action between citizens of

11   different states and it is obvious from the fact of the Complaint that Plaintiff seeks more than

12   $75,000 in damages, exclusive of interest and costs.

13   **IV.    DIVERSITY**

14   9.  Diversity grounds for removal exists based upon the following;

15   a.  Defendant is informed and believes that Plaintiff was, at the time of

16   commencing this action, and still is, a citizen of Santa Clara County, California.

17   b.  At the time this action was commenced in state court, Defendant was, and

18   still is, a corporation organized under the laws of the State of Maryland and maintaining its

19   principle place of business in the State of Maryland.  Thus, Defendant is not a citizen of the

20   State of California.  28 U.S.C. §1332 (c)(1).

21   c.  Defendants designated as DOES 1 through 20 are fictitious defendants, are

22   not parties to this action, have not been named or served, and are to be disregarded for the

23   purpose of this removal.  28 U.S.C. § 1441 (a).  McCabe V. General Foods Corp., 811 F2d

24   1336, 1339 (9th Cir. 1987).  The Doe defendants, therefore, need not consent to this removal.

25   10.  No other party has been named or has been served as of the date of this removal.

26

27

28

3

**NOTICE OF REMOVAL OF CIVIL ACTION**

## V.    AMOUNT IN CONTROVERSY

11. In order to satisfy the $75,000 amount in controversy requirement, the removing party must demonstrate that the amount in controversy "more likely than not" exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

12. The District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met. Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997); Conrad Assoc. v. Hartford Accident & Indemnity Co., 1994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

13. In the present case, Plaintiff's Complaint seeks "general damages in the amount of $1,000,000.00", punitive and treble damages and costs of suit. Accordingly, it is apparent from the face of the Complaint that the $75,000 amount in controversy requirement is met. See Bosinger v. Phillips Plastics Corp., 57 F. Supp. 2d 986, 989 (S. D. Cal. 1999) Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

14. All pleadings, process or orders received by Defendant in the case are attached hereto. Defendant has received no other process pleadings or orders.

Dated: April 23, 2008                    FOSTER & ASSOCIATES


Michael W. Foster, Esq.
Attorneys for LOCKHEED MARTIN CORPORATION

AMENDED **SUMMONS**

**SUM-100**

### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOCKHEED MARTIN CORPORATION SPACE SYSTEMS COMPANY and
DOES 1 through 20, inclusive

| FOR COURT USE ONLY |
| *(SOLO PARA USO DE LA CORTE)* |

ENDORSED FILED

08 MAR 21 AM 10: 50

CHIEF EXECUTIVE OFFICER/CLERK
SUPERIOR COURT OF CA.
COUNTY OF SANTA CLARA
BY G. Duarte DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BAHMAN M. GHANI

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | CASE NUMBER: |
| The name and address of the court is: | *(Número del Caso)* 108CV108054 |
| *(El nombre y dirección de la corte es)* | |

SANTA CLARA COUNTY SUPERIOR COURT
191 North First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT L. MEZZETTI II, 114282                    (408) 279-8400
MEZZETTI LAW FIRM, INC.    M. JEAN STARCEVICH, 78298
31 East Julian Street        770 Lincoln Avenue
San Jose, CA 95112          San Jose, CA 95126

| DATE: | | | |
| *(Fecha)* **MAR 2 1 2008** | Clerk, by | G. Duarte | , Deputy |
| | Kiri Torre *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☐ on behalf of *(specify):* |
| |     under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor) |
| |             ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee) |
| |             ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person) |
| |             ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]                    **SUMMONS**

Legal Solutions Plus

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

1    **M. JEAN STARCEVICH (#78298)**
      770 Lincoln Avenue
2    San Jose, CA. 95126
      **TELEPHONE: (408) 287-7787**
3

   **ROBERT L.MEZZETTI, II (#114282)**
4    **MEZZETTI LAW FIRM, INC.**
      31 East Julian Street
5    San Jose, CA. 95112
      **TELEPHONE: (408) 279-8400**

6    Attorneys for Plaintiff **BAHMAN M. GHANI**


ENDORSED FILED
08 MAR 21  AM 10: 5 ı
... ... ... /CLERK
... ... ... ... CA.
COUNTY ... GARA CLARA
BY ... ... ... Duane DEPUTY

7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **COUNTY OF SANTA CLARA**

10

11    BAHMAN M. GHANI            )    **NO. 108CV 108054**

12            Plaintiff,      )    FIRST AMENDED COMPLAINT SEEKING
                            )    DAMAGES FOR WRONGFUL
13    vs.                        )    TERMINATION AND FOR TORTIOUS
                            )    INTERFERENCE WITH PROSPECTIVE
14    LOCKHEED MARTIN CORPORATION )    ECONOMIC ADVANTAGE AND
      SPACE SYSTEMS COMPANY, and    )    ADVANTAGEOUS ECONOMIC RELATIONS;
15    DOES 1 through 20, inclusive,      )    <u>DEMAND FOR JURY TRIAL</u>
                            )
16            Defendants.    )
      _____ )
17

   Plaintiff alleges:
18
                            **FIRST CAUSE OF ACTION**
19      (Breach of Implied Contract Not to Terminate Employment Except for Good Cause)

20          1.     Plaintiff Bahman M. Ghani is 50 years of age and a former employee of the

21    defendant Lockheed Martin Corporation Space Systems Company, having been employed by

22    said defendant for 27 years, beginning immediately upon his graduation from college in 1980

23    through the involuntary termination of his employment on June 7, 2007.   At all times

24    mentioned, plaintiff was a person fully qualified and competent to perform his job duties with

25    the defendant and had done so admirably for each and every year he was employed by the

26    defendant.

27          2.     Defendant Lockheed Martin Corporation Space Systems Company [hereinafter

28    "Lockheed"] is a corporation, doing business within the State of California, with a plant

   Complaint

1    location and facilities at 1111 Lockheed Martin Way, Sunnyvale, California, 94089. Plaintiff
2    was employed at Lockheed's Sunnyvale facilities.

3        3.      The true names and capacities, whether individual, corporate, associate, or
4    otherwise, of defendants named herein as DOES I through 20, inclusive, are unknown to
5    plaintiff who therefore sues said defendants by such fictitious names. Plaintiff prays leave to
6    amend this complaint when their true names and capacities have been ascertained.

7        4.     At all times herein mentioned, each of the defendants, including the DOE
8    defendants, was the agent, servant, and employee of the other defendants and was acting at
9    all times within the scope of his/her agency and employment, and with the knowledge and
10   consent of his/her employer. Defendants, and each of them, at all times herein mentioned
11   acted jointly and in concert and conspired and agreed to do the things hereinafter specified;
12   and each and all of the things hereinafter alleged to have been done by defendants or any of
13   them, were done as co-conspirators and thus, as agents for each other, as well as in their
14   respective individual capacities, to advance their own individual interests.

15       5.      On or about 1980, upon plaintiff's graduation from college with a Bachelor of
16   Science in aerospace engineering from Syracuse University, plaintiff immediately went to
17   work for the defendant Lockheed as an associate engineer. Throughout his employment with
18   Lockheed, plaintiff received yearly merit raises, many, many awards, plaques and certificates
19   of commendation, and was promoted throughout his career. In addition, during his 27 year
20   tenure with Lockheed, all of plaintiff's performance reviews were either good or exceptional.
21   He was never a marginal performer nor did he ever receive a bad review.

22

23       Plaintiff was a trustworthy and dedicated Lockheed employee, and received awards
24   not only from his employer, but also from the United States Navy with whom he worked very
25   closely. In conjunction with his work at Lockheed, plaintiff secured and maintained a top
26   secret security clearance. Plaintiff consistently maintained the highest of work standards and
27   ethics throughout his career at Lockheed.

28

Complaint                                    2

6.    In all positions the plaintiff held at Lockheed Martin, he performed exceedingly well. Not only did he perform well, but he was well liked and respected by those with whom he worked. His yearly performance reviews in the years preceding his termination reflect his outstanding career job performance at Lockheed and his devotion to his job. In every year of his 27 years of service at Lockheed Martin, plaintiff received reviews where he always, without fail, exceeded expectations. In all 27 years of service, plaintiff never once received a bad review or one in which he merely met expectations. Plaintiff took a great deal of pride in his work and that pride was reflected in the reviews he received.

7.    Throughout his 27 years of service with Lockheed, plaintiff was assured that he would not be terminated except for good cause proven. Moreover, based on his longevity of employment, as well as the various promotions, commendations, awards, salary increases, and lack of criticism of his work, plaintiff had an implied agreement with the defendant Lockheed Martin that he would not be discharged from his employment except for good cause proven.

8.    Plaintiff's problems began, however, in approximately November of 2006, when a computer software engineer whom plaintiff supervised advised plaintiff that he had a "family crises" and needed to take some personal time off. This engineer advised the plaintiff that his son had started to run with the wrong crowd, had encountered some problems with law enforcement and was getting involved with drugs. Therefore, he advised plaintiff he needed to take some personal time to deal with his son, and to attempt to address the problem. Plaintiff advised this employee that it was "no problem" and he could indeed, take the personal time off as requested.

Throughout the following months, through February of 2007, this particular employee took time off, sometimes using his vacation and sick pay, and other times requesting the personal time. This employee would physically come into work on occasion, and on other occasions would work from home, in an attempt to keep up with his workload. Plaintiff did what he could to accommodate this particular employee's needs. Plaintiff faithfully coded this

1    employee's absences as "personal time off," and reported all time off that had been
2    requested. Nothing was hidden. In addition, plaintiff never viewed this employee's absence
3    as long term, but only an as incidental absence, fully expecting this employee to return to
4    work as the situation dictated. And, according to Lockheed policy, plaintiff had full discretion
5    to approve the incidental absences, with HR only to be consulted if an incidental absence
6    was to be denied or if an employee was to be disciplined due to excessive incidental
7    absences. Managers were advised per Lockheed policy that they were not to discipline
8    employees for absences that were related to, or protected by a reasonable accommodation
9    granted by Lockheed or any applicable laws.

10    9.    Towards the end of February, 2007, this particular employee advised the
11    plaintiff he had found a treatment program for his son in Texas, and that he needed additional
12    time in which to move his son to Texas and into the program. Plaintiff again acquiesced in
13    this request. Again, this employee would report in, and attempt to keep up with projects
14    where he could.

15    10.    In mid-March of 2007, when this employee advised the plaintiff he was ready to
16    return to work full time, plaintiff advised the employee his job was waiting for him. However,
17    when this employee did not report to work as indicated at the end of the month, and when
18    plaintiff's attempts to contact him went unheeded, plaintiff became concerned, and addressed
19    these concerns with his boss, a Chris Agler. Agler in turn discussed the situation with
20    personnel in Human Resources. When it was discovered that this employee was in the area
21    and had not reported to work for more than three days nor called in to request any more time
22    off, his employment was summarily terminated in the spring of 2007.

23    11.    In the meantime, plaintiff was advised his own conduct in the incident would be
24    investigated. Plaintiff understood that there was nothing wrong with this particular employee
25    having taken the time off, and indeed, under the Family Medical Leave Act, this employee
26    could have requested and received the time off as mandated by law, but the problem
27    [apparently] was in the way in which the employee's absences had been coded. Plaintiff was

Complaint                                           4

1    advised that the "personal time off" code for incidental absences could only be used for five
2    consecutive days, a limitation of which he was previously unaware.  Plaintiff was further
3    advised if there was a request for leave under the FMLA, for which this employee clearly
4    qualified and would be entitled, that would have to be reported to HR.

5        However, in reviewing Lockheed's policy, there appears to be no five day limitation as
6    to incidental absences relating to personal time off due to the illness of a family member, but
7    only where an employee's own serious health condition requires absence from work for more
8    five full or partial workdays.  Moreover, incidental absences are not to accumulate and are
9    not considered a "leave bank", according to Lockheed policy.  Further, incidental absences
10   need only the approval of the employee's immediate manager, as had been done in this
11   situation.  And finally, while personal leave as opposed to incidental absences does require
12   the approval of a manager in conjunction with HR, that leave may be granted for a maximum
13   of one year according to Lockheed policy, not five days.

14       12.    Nonetheless, for the next month, plaintiff went about his business as part of the
15   Systems Engineering Integration and Test ["SEIT"] group.  Plaintiff anticipated at best, he
16   would be exonerated from any malfeasance in the matter and/or would be given training with
17   regard to appropriate coding of time off requests, or at worst, would be given a reprimand
18   and/or taken out of a supervisorial role.  Therefore, it came as a complete and total shock
19   when on June 7, 2007, Chris Agler asked plaintiff to report for a meeting at 3:00 PM that day
20   with the SEIT director, at which time his employment was abruptly and summarily terminated
21   after twenty seven years of uninterrupted and exemplary service with Lockheed.  Plaintiff was
22   advised in this meeting that he had been *negligent* in his supervisorial duties, and as a result
23   of this alleged *misconduct*, his employment was terminated, effective immediately.  Plaintiff
24   was then given three hours to clean out his desk, hand over his badge, cell phone and
25   computer.

26       13.    Worse, in plaintiff's letter of termination, he was advised his employment was
27   terminated as the "result of your misconduct in violation of Lockheed Space Systems

Company CM 1.5.1-T1-HRmgt-1.3-D, Conduct and Disciplinary Action for Salaried Employees." However, in reviewing Lockheed's direction on appropriate conduct for salaried employees, and specifically item 1.5.1, plaintiff was not discharged for miscoding work time, (item 1.5.2) but rather for "allegations of theft or misuse of Lockheed Martin or government property, funds, or other resources," a charge which was not only untrue, but baffling, degrading, libelous and demeaning given the circumstances surrounding the matter.

14.    Plaintiff, in fact, engaged in no wrongdoing and/or misconduct in that not only were the actions that he took in violation of no Lockheed policy, but even if they were, they resulted in no personal benefit or gain to himself, but were done solely to aid a fellow subordinate employee, who found himself and his family in a dire and distressing situation. Plaintiff, both as a supervisor and as a human and a father himself, did what he could and what the law mandated to accommodate his subordinate who needed the time off to deal with his family crises. Plaintiff's actions in no way constituted cause for the termination of his employment, much less good cause.

15.    In doing those things as above alleged, the defendant Lockheed Martin breached its implied contract with the plaintiff to not terminate his employment except for good cause proven. The defendant, in taking those actions as stated above, terminated the plaintiff's employment for no justified reason or good cause, thereby breaching its implied contract with the plaintiff.

16.    The plaintiff performed all covenants, conditions, and duties of his employment with the defendant, until said employment was abruptly terminated by the defendant, thereby excusing further performance by the plaintiff.

17.    As a result and proximate cause of the defendant's breach of plaintiff's implied contract of continued employment, plaintiff has been compelled to seek other employment, and although he was ultimately able to obtain alternative employment, it has been at a much-reduced rate of pay. To that end, with the defendant Lockheed Martin, at the time of his termination in June of 2007, plaintiff was earning approximately $158,000/year, exclusive of

benefits. With benefits included, plaintiff estimates his compensation package approximated closer to $190,000/year. Plaintiff went without employment for a period of approximately 3 months, after which he first secured employment with a company that would have paid him a salary comparable to that which he was making with Lockheed. This offer of employment was expressly made contingent on the ability of plaintiff to transfer his top governmental security clearance that he had maintained for years while at Lockheed to his new employer. However, plaintiff learned that Lockheed had informed Defense Security Services of not only plaintiff's termination, but the alleged basis for plaintiff's termination, and thus, his security clearance had been cancelled and could not be transferred.    As a consequence, this particular company rescinded its offer of employment.

Soon thereafter, another company offered plaintiff part time employment, which he began at the end of September of 2007. This employment, however, has been and is at a drastically reduced rate of pay, with plaintiff currently earning approximately $66,000 annually, with the expectation that he will become a full time employee in the near future, at which time he will begin earning $132,000 annually, again a substantial reduction from what he was earning at Lockheed.

18.    Plaintiff has lost pay and benefits, and will continue to lose income and benefits into the future, in spite of his efforts to mitigate his damages, in an amount to be proven at time of trial. Plaintiff claims such amount as damages, together with prejudgment interest pursuant to Civil Code § 3287 and/or any other provision of the law providing for prejudgment interest.

WHEREFORE, plaintiff prays judgment as hereinafter follows:

### SECOND CAUSE OF ACTION
(Tortious Interference with Advantageous Economic/Business Relations)

19.    Plaintiff incorporates by this reference and realleges as though fully set forth herein paragraphs 1 through 17 of the First Cause of Action.

Complaint                                        7

1        20.    From and after the termination of plaintiff's employment with Lockheed, plaintiff

2    diligently sought to secure the same or comparable employment. Had plaintiff resigned from

3    his employment at Lockheed, and secured new employment, he could have simply had his

4    top secret government security clearance transferred, a clearance which is vital to his chosen

5    career's work.    However, because of information provided by Lockheed to the Defense

6    Security Systems, plaintiff's security clearance was cancelled, seriously impeding him in his

7    ability to secure new employment and to take advantage of those job offers and opportunities

8    which were presented to him. Plaintiff had previously received awards and plaques from that

9    very division of the armed forces with whom he had worked most closely, i.e., the United

10   States Navy.

11       21.    The defendant Lockheed knew that plaintiff would be unable to secure similar

12   employment without his security clearance, yet nonetheless carelessly and recklessly

13   informed the Defense Security Systems not only of the termination of the plaintiff's

14   employment but the alleged grounds for the termination.

15

16       22.    The defendant knew that any ability of the plaintiff to work in the aerospace

17   industry in the future would be seriously harmed if the defendant provided any information to

18   the Defense Security Services that contained any allegations of misconduct on the plaintiff's

19   part, particularly if that alleged misconduct related to the theft or misuse of Lockheed's or

20   government property, the purported reasons given for the termination of plaintiff's

21   employment.    Lockheed further knew that employment by others would result in economic

22   benefit to the plaintiff, but intentionally and without cause, disrupted these relationships by

23   among other things, providing false and misleading information to the Defense Security

24   Services which resulted in the cancellation of plaintiff's top security clearance, thereby

25   thwarting and diminishing plaintiff's efforts to engage in other meaningful and comparable

26   employment.

27       23.    The defendant's statements to the Defense Security Services did in fact

28   interfere with advantageous economic relations with prospective employers in that plaintiff

Complaint                                                    8

1    had secured a job offer with one employer which was immediately withdrawn once it was
2    learned that plaintiff lacked the necessary security clearances and that those clearances had
3    been cancelled.    Plaintiff has held a secret clearance since his first few months of
4    employment with Lockheed in 1980, and for over the past twenty years, has held a top secret
5    security clearance, allowing him to work in the most delicate and sensitive of areas.

6        24.    Worse, even in plaintiff's new part time position, Lockheed has again interfered
7    with his ability to earn a living for no reason or cause. That is, on January 7, 2008, plaintiff
8    was scheduled to attend a meeting for his new employer on Lockheed premises in
9    Sunnyvale, California.    On Friday afternoon, January 4, 2008, plaintiff was informed by the
10   person organizing the meeting that Lockheed HR had denied him access to the plant. No
11   reason was given. As a consequence, plaintiff could represent neither his company nor the
12   customer at the meeting. The meeting was with a working group that is held periodically to
13   review data result. Several associated contractors attend. Plaintiff's current employer has a
14   contract with the United States Navy and thus, made a request of the Navy to attend the
15   meeting and was given approval. Plaintiff's current employer's security officer put in a formal
16   request to visit the Lockheed facility for purposes of this meeting, and as the meeting got
17   closer, plaintiff himself called the meeting's point of contact for status and was informed that
18   his visit request to attend was refused/denied by Lockheed without any reason given. The
19   defendant continues to interfere with and disrupt plaintiff's earning ability and advantageous
20   business relations.

22   25. As a direct and proximate result of the aforesaid acts of defendant, plaintiff has
23   lost employment opportunities, and had prospective economic relations disrupted, and will
24   continue to lose them, unless and until defendant ceases to engage in its tortious conduct.
25   Plaintiff claims such amounts as damages, together with prejudgment interest pursuant to
26   Civil Code § 3287 and/or any other provision of law providing for prejudgment interest.

27   26.   Further, because the acts of the defendant were done willfully, maliciously,
28   oppressively, deliberately, intentionally and in a cold and callous manner to order to injure,

harass, and damage the plaintiff and/or were done in conscious disregard of the plaintiff's rights, plaintiff requests the assessment of punitive damages against the defendant in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
(Violation of Labor Code §§ 1050, 1052, and 1053)

27.    Plaintiff realleges and incorporates by this reference paragraphs 1 through 17, and 20 through 25, as though fully set forth herein.

28.    In doing those acts as alleged above, the defendant Lockheed violated Labor Code sections 1050, 1052, and 1053, which expressly make it illegal for any employer to thwart or attempt to thwart the ability of a former employee to obtain new employment by means of any misrepresentation or by any statement, other than a truthful one concerning the reason for the discharge of an employee.

29.    Moreover, the violation of these mandates, compels the award of treble damages as provided in Labor Code § 1054.

WHEREFORE, plaintiff prays judgment as hereinafter follows:

1. For back pay, front pay, and other monetary relief in an amount to be proven;

2. For general damages in the amount of $1,000,000.00;

3. For punitive damages in an amount to be proven;

4. For treble damages;

5. For prejudgment interest as provided by law;

6. For costs of suit; and

7. For such other and further relief as the court deems just and proper.

DATED: 3\20\08

M. JEAN STARCEVICH, Attorney for
Plaintiff **BAHMAN M. GHANI**

Complaint                                        10

1  MICHAEL W. FOSTER (State Bar No. 127691)
   DANIELLE OCHS-TILLOTSON (State Bar No. 178677)
2  DAVID J. CARDIFF (State Bar No. 184264)
   FOSTER AND ASSOCIATES
3  610 16TH Street, Suite 310
   Oakland. California 94612
4  Telephone: (510) 763-1900
   Facsimile: (510) 763-5952
5  mfoster@fosterlaborlaw.com

6  Attorneys for Defendant
   LOCKHEED MARTIN CORPORATION

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR COUNTY OF SANTA CLARA

10

11  BAHMAN M. GHANI,                    )   Case No. 108CV108054
                                        )
12          Plaintiff,                  )   Case Filed: March 13, 2008
                                        )
13      vs.                             )
                                        )
14  LOCKHEED MARTIN SPACE SYSTEMS       )   **ANSWER TO COMPLAINT BY**
    COMPANY; DOES 1 through 20,         )   **DEFENDANT LOCKHEED MARTIN**
15  inclusive,                          )   **CORPORATION**
                                        )
16          Defendants.                 )
                                        )
17                                      )

18

19      Defendant LOCKHEED MARTIN CORPORATION, incorrectly sued as LOCKHEED

20  MARTIN SPACE SYSTEMS COMPANY, hereby answers the First Amended Complaint

21  filed by plaintiff BAHMAN M. GHANI as follows:

22      As said complaint is not verified, pursuant to Code of Civil Procedure section 431.30,

23  Defendant generally denies each and every allegation of the complaint, the whole thereof, and

24  each and every purported cause of action against Defendant.

25      Defendant further specifically denies that Plaintiff has been damaged in any sum or

26  sums whatsoever, and specifically denies that Defendant is liable to Plaintiff in any manner

FOSTER & ASSOCIATES
ATTORNEYS AT LAW
610 – 16TH STREET · SUITE 310 · OAKLAND, CALIFORNIA 94612
TEL: (510) 763-1900 · FAX: (510) 763-5952

1  whatsoever, or for any purported special, general, compensatory, punitive, or other type of

2  alleged damages, attorney fees, or costs.

3  As further, separate, distinct, and affirmative defenses, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

6  As and for a first affirmative defense, Defendant alleges that Plaintiff's Complaint, and

7  each purported cause of action asserted therein, fails to state a claim upon which relief can be

8  granted.

## SECOND AFFIRMATIVE DEFENSE

### (Barred by Statutes of Limitations)

12  As and for a second affirmative defense, Defendant is informed and believes, and

13  thereon allege, that Plaintiff's claims are barred, in whole or in part, by applicable statutes of

14  limitations, including but not limited to, Code of Civil Procedure§§ 338, 339 and 340.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

18  As and for a third affirmative defense, Defendant alleges that Plaintiff has failed to

19  properly exhaust his administrative remedies and/or has otherwise failed to comply with all

20  statutory prerequisites to suit.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

24  As and for a fourth affirmative defense, Defendant is informed and believes that

25  Plaintiff has failed to mitigate the purported damages alleged in the complaint.  Therefore,

26  Plaintiff's alleged damages must be barred entirely or reduced in proportion to Plaintiff's

failure to mitigate.

DEFENDANT'S ANSWER TO COMPLAINT

# FIFTH AFFIRMATIVE DEFENSE

## (Comparative Negligence)

As and for a fifth affirmative defense, Defendant is informed and believes that the circumstances described in the complaint, and whatever injuries or damages, if any, that Plaintiff allegedly suffered by reason thereof, were proximately caused and contributed to, in whole or in part, by the negligence or intentional misconduct of Plaintiff. Therefore, Plaintiff's recovery, if any, must be reduced, in whole or in part, by the proportion of his own negligence or barred by her intentional misconduct.

# SIXTH AFFIRMATIVE DEFENSE

## (Comparative Negligence of Third Parties)

As and for a sixth affirmative defense, Defendant is informed and believes that whatever injuries or damages, if any, that Plaintiff allegedly suffered were proximately caused and contributed to, in whole or in part, by the negligence or intentional misconduct of others. Therefore, Plaintiff's recovery against Defendant, if any, must be reduced, in whole or in part, by the proportion of the negligence of said others or barred by their intentional misconduct.

# SEVENTH AFFIRMATIVE DEFENSE

## (Exclusive Remedy of Workers' Compensation)

As and for a seventh affirmative defense, Defendant alleges that this Court lacks jurisdiction over any portions of plaintiff's purported causes of actions which allege injuries to plaintiff's health, including, but without limitation, plaintiff's claims of humiliation, embarrassment, mental anguish, physical and emotional distress, severe and mental upset, and aggravation, as these claims are within the exclusive jurisdiction of applicable workers' compensation laws of the State of California.

DEFENDANT'S ANSWER TO COMPLAINT

# EIGHTH AFFIRMATIVE DEFENSE

## (Punitive Damages Claim Violates Substantive Due Process)

As and for an eighth affirmative defense, Defendant contends that given the facts underlying this dispute, any award of punitive or exemplary damages to plaintiff would violate Defendant's rights to substantive due process as provided by the Fifth Amendment to the Constitution of the United States and by the Constitution of the State of California.

# NINTH AFFIRMATIVE DEFENSE

## (Punitive Damages Claim Violates Procedural Due Process)

As and for a ninth affirmative defense, Defendant contends that plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages pursuant to California Civil Code § 3294, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of California, and therefore fails to state a cause of action for which punitive damages or exemplary damages may be awarded.

# TENTH AFFIRMATIVE DEFENSE

## (Punitive Damages)

As and for a tenth affirmative defense, Defendant contends that plaintiff cannot recover punitive damages or exemplary damages because plaintiff has failed to plead and cannot establish facts sufficient to support allegations of malice, oppression or fraud.

# ELEVENTH AFFIRMATIVE DEFENSE

## (Privilege and Justification)

As and for an eleventh affirmative defense, Defendant contends that its alleged conduct, if and to the extent it occurred, was privileged and justified, and no action may be taken against it on account of such conduct, if any.

DEFENDANT'S ANSWER TO COMPLAINT

1

2
## TWELFTH AFFIRMATIVE DEFENSE

3
### (Estoppel)

4
As and for a twelfth affirmative defense, Defendant contends that as a result of

5
plaintiff's conduct, acts, and or omissions, plaintiff is barred from asserting any claim against

6
these answering defendants.

7

8
## THIRTEENTH AFFIRMATIVE DEFENSE

9
### (Waiver)

10
As and for a thirteenth affirmative defense, Defendant contends that as a result of

11
plaintiff's conduct, acts, and or omissions, plaintiff has waived his right to assert any claims

12
against these answering defendants.

13

14
## FOURTEENTH AFFIRMATIVE DEFENSE

15
### (Unclean Hands)

16
As and for a fourteenth affirmative defense, Defendant contends that as a result of

17
plaintiff's conduct, acts and or omissions, plaintiff has unclean hands and may recovery for

18
this action.

19

20
## FIFTEENTH AFFIRMATIVE DEFENSE

21
### (Consent)

22
As and for a fifteenth affirmative defense, Defendant alleges upon information and

23
belief that plaintiff expressly participated in, acknowledged, authorized, consented to and

24
approved, each and every of the acts complained of herein which plaintiff now complains that

25
he has been damaged as a result thereof. Therefore, plaintiff is barred, stopped, and precluded

26
from the recovery sought herein.

**DEFENDANT'S ANSWER TO COMPLAINT**

# SIXTEENTH AFFIRMATIVE DEFENSE

## (Proper Business Reason)

As and for a sixteenth affirmative defense, Defendant contends that the Complaint, and each alleged cause of action contained therein, is barred by the fact that any actions taken against Plaintiff were for a proper, business-related reason, which was neither arbitrary, capricious, nor unlawful.

# SEVENTENTH AFFIRMATIVE DEFENSE

## (At-Will Employment)

As and for a seventeenth affirmative defense, Defendant contends that the Complaint, and each alleged cause of action contained therein, is barred by the fact that Plaintiff's employment was terminable at the will of either party, with or without cause, so that Plaintiff has no claim or cause of action based upon the termination of his employment. California Labor Code §2922.

# EIGHTEENTH AFFIRMATIVE DEFENSE

## (Failure to Comply with Employer's Directions)

As and for a eighteenth affirmative defense, Defendant contends that by virtue of his conduct and actions prior to the filing of his Complaint, Plaintiff has violated California Labor Code Section 2856 and is, precluded from recovering against Defendants.

# NINETEENTH AFFIRMATIVE DEFENSE

## (Truth/Absence of Malice)

As and for a nineteenth affirmative defense, Defendant contends that its statements made related to plaintiff were true and/or made without malice towards plaintiff.

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

### (After Acquired Evidence)

3      As and for a twentieth affirmative defense, Defendant is informed and believes, and

4  thereon alleges, that plaintiff's claims are barred, in whole or in part, by reasons of plaintiff's

5  own conduct, which had such conduct been previously known to defendant would have

6  resulted in plaintiff's employment to either have not taken place with this defendant or resulted

7  in plaintiff being terminated as a result of such conduct or omission.

8

9

## TWENTY-FIRST AFFIRMATIVE DEFENSE

10

### (Preemption)

11      As and for a twenty-first affirmative defense, Defendant alleges that plaintiff's claims

12  are preempted by applicable state, federal and local laws.

13

14

## TWENTY-SECOND AFFIRMATIVE DEFENSE

15

### (ERISA Preemption)

16      As and for a twenty-third affirmative defense, Defendant alleges that plaintiff's claim

17  for loss of job benefits are preempted by the Employee Retirement Income Security Act of

18  1974 (29 U.S.C. §1001 et. seq.).

19

20

## TWENTY-THIRD AFFIRMATIVE DEFENSE

21

### (Reservation of Defenses)

22      Additional affirmative defenses may be available to Defendant and, thus, Defendant

23  will move to amend its answer to allege such additional affirmative defenses after they have

24  been fully ascertained and can be pleaded.

25

26

DEFENDANT'S ANSWER TO COMPLAINT

1    WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

2        1.     That Plaintiff takes nothing by reason of his complaint;

3        2.     That Plaintiff is denied any other relief, whether injunctive or otherwise;

4        3.     That Defendant is awarded its costs of suit herein;

5        4.     That Defendant is awarded its attorney fees; and

6        5.     For such other and further relief as the Court deems just and proper.

9    Dated: April 22, 2008          FOSTER & ASSOCIATES

                                _____

                                  Michael W. Foster, Esq.
                                  Attorneys for Defendant
                                  LOCKHEED MARTIN CORPORATION

**DEFENDANT'S ANSWER TO COMPLAINT**

# PROOF OF SERVICE

Ghani v. Lockheed Martin Space Systems Company
Santa Clara Superior Court
Case No. 108CV108054

APR 22 08

    I, the undersigned, state that I am a citizen of the United States and employed in the County of Alameda; that I am over the age of eighteen (18) years and not a party to the within cause; that my business address is 610 - 16th Street, Suite 310, Oakland, California 94612. On April 22, 2008, I served the within:

## ANSWER TO COMPLAINT BY DEFENDANT LOCKHEED MARTIN CORPORATION

on the parties in this action, by placing a true copy thereof in a sealed envelope, each envelope addressed as follows:

M. Jean Starcevich
770 Lincoln Avenue
San Jose, CA  95126
Attorneys for Plaintiff

Robert L. Mezzetti, II
Mezzetti Law Firm, Inc.
31 East Julian Street
San Jose, CA  95112
Attorneys for Plaintiff

☒  **(BY U.S. MAIL)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oakland, California.

☐  **(BY PERSONAL SERVICE)** I caused each such envelope to be delivered by hand to the offices of each addressee above.

☐  **(BY OVERNIGHT DELIVERY)** I caused each such envelope to be delivered in a box or other facility regularly maintained by Federal Express an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents to be delivered to the addressee above.

☐  **(BY FAX/TELECOPIER)** I caused this pleading to be transmitted by fax to the offices of each addressee above.

☐  **(BY EMAIL ATTACHMENT)** Pursuant to the agreement of the parties', a copy of the above- referenced documents is being served electronically.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Oakland, California, on April 22, 2008.

Terri L. Smith

**FOSTER & ASSOCIATES**
ATTORNEYS AT LAW
610 – 16TH STREET · SUITE 310 · OAKLAND, CALIFORNIA 94612
TEL: (510) 763-1900 · FAX: (510) 763-5952

# PROOF OF SERVICE

<u>Ghani v. Lockheed Martin Space Systems Company</u>
Santa Clara Superior Court
Case No. 108CV108054

    I, the undersigned, state that I am a citizen of the United States and employed in the County of Alameda; that I am over the age of eighteen (18) years and not a party to the within cause; that my business address is 610 - 16th Street, Suite 310, Oakland, California 94612. On April 23, 2008, I served the within:

## NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

on the parties in this action, by placing a true copy thereof in a sealed envelope, each envelope addressed as follows:

M. Jean Starcevich
770 Lincoln Avenue
San Jose, CA 95126
Attorneys for Plaintiff

Robert L. Mezzetti, II
Mezzetti Law Firm, Inc.
31 East Julian Street
San Jose, CA 95112
Attorneys for Plaintiff

☒   **(BY U.S. MAIL)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oakland, California.

☐   **(BY PERSONAL SERVICE)** I caused each such envelope to be delivered by hand to the offices of each addressee above.

☐   **(BY OVERNIGHT DELIVERY)** I caused each such envelope to be delivered in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents to be delivered to the addressee above.

☐   **(BY FAX/TELECOPIER)** I caused this pleading to be transmitted by fax to the offices of each addressee above.

☐   **(BY EMAIL ATTACHMENT)** Pursuant to the agreement of the parties', a copy of the above- referenced documents is being served electronically.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Oakland, California, on April 23, 2008.

Terri L. Smith

JS 44 (Rev. 12/07)(cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

BAHMAN M. GHANI

**DEFENDANTS**

LOCKHEED MARTIN CORPORATION

**(b)** County of Residence of First Listed Plaintiff  SANTA CLARA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  SANTA CLARA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

M. Jean Starcevich
770 Lincoln Avenue, San Jose, CA 95126; Ph. 408-287-7787
Robert L. Mezzetti, II, Mezzetti Law Firm
31 East Julian Street, San Jose, CA 95112; Ph. 408-279-8400

Attorneys (If Known)

Michael W. Foster/Danielle Ochs-Tillotson/David J. Cardiff
Foster & Associates
610 - 16th Street, Suite 310
Oakland, CA 94612; Ph: 510-763-1900

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [X] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
#### PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

#### PERSONAL INJURY
- [ ] 362 Personal Injury—Med. Malpractice
- [ ] 365 Personal Injury—Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

#### PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities—Employment
- [ ] 446 Amer. w/Disabilities—Other
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus—Alien Detainee
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. Section 1441 (B)

Brief description of cause:

Wrongful Termination/Breach of Contract, Tortious Interference w/ Economic Advantage, Labor Code Section 1050 et seq.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1,000,000+

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE  4/23/08

SIGNATURE OF ATTORNEY OF RECORD