UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

BAHMAN M. GHANI,

      Plaintiff(s),

v.

LOCKHEED MARTIN CORPORATION
SPACE SYSTEMS COMPANY,
      Defendant(s).

No. **C 08-02120 PVT**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

FILED
APR 23 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

      IT IS HEREBY ORDERED that this action is assigned to the Honorable Patricial V. Trumbull.  When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

      IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM



| Date | Event | Governing Rule |
|------|-------|----------------|
| 4/23/2008 | Notice of removal filed | |
| 7/22/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 8/5/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 8/12/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 5, 4th Floor, SJ at 2:00 PM | Civil L.R. 16-10 |

*  If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL PRACTICE IN
CASES ASSIGNED FOR ALL PURPOSES TO
MAGISTRATE JUDGE PATRICIA V. TRUMBULL**
(rev. 1/5/06)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions. The rules and orders are supplemented and modified as follows:

### I.    CASE MANAGEMENT CONFERENCE

A Case Management Conference will be held 2:00 p.m. on the date set forth in the Order Setting Initial Case Management Conference that is issued when the case is filed. The Case Management Conference will be held in Courtroom 5, United States Courthouse, 280 South First Street, San Jose, CA 95113. This conference may be continued only on order of the Court; parties may not stipulate to continue a case management conference without leave from the Court.

### II.    MOTION PRACTICE

**A.    Discovery Motions.** All parties who want their discovery motions before Magistrate Judge Trumbull to be heard on shortened time may serve and file along with their discovery motion, either: 1) a stipulation of the parties pursuant to Local Rule 6-2; or 2) a motion to shorten time under Civil Local Rule 6-3. Otherwise, all discovery matters shall be noticed in accordance with Civil Local Rule 7-2. Upon receipt of the moving papers, this court may in its discretion modify the briefing and hearing schedule.

**B.    Law and Motion Calendar.** Magistrate Judge Trumbull's Civil Law and Motion calendar is heard every Tuesday at 10:00 a.m.

**C.    Dispositive Motions.** Within five (5) court days after any party files a dispositive motion, if written consents to Magistrate Judge jurisdiction have not yet been filed by all parties, all parties who have not yet filed such a consent must notify the court whether they consent to the jurisdiction of the Magistrate Judge. If a party chooses to consent, the attorney of record for the party, or the party if he or she is unrepresented, must sign a document stating that the party consents to the jurisdiction of the Magistrate Judge for any and all proceedings, including trial. Consent forms may be obtained from the clerks office, from the courtroom deputy, or from the court's website at http://www.cand.uscourts.gov. If any party chooses not to consent, the attorney of record or unrepresented party must promptly file a request for reassignment to a District Court Judge. **Magistrate Judge Trumbull will not hear argument on dispositive motions without affirmative, written consents.**

III.    EFFECT OF REASSIGNMENT TO A DISTRICT COURT JUDGE

In the event a case that is originally assigned to Judge Trumbull is later reassigned to a District Court Judge in the San Jose Division, and unless otherwise ordered by the court, the case will remain assigned to Judge Trumbull for all discovery matters.

IV.    TRIAL PRACTICE (FOR COURT OR JURY TRIAL AS APPLICABLE)

A.    Ten (10) Court Days Prior to the Pretrial Conference.

Unless otherwise ordered, if the trial will be a jury trial, the parties shall exchange (but not file) their respective proposed jury instructions in order to begin preparing the joint set of jury instructions required by section IV.B.5., below.

Unless otherwise ordered, the parties shall file the following not less than ten (10) court days prior to the pretrial conference:

1.    **Trial Briefs.**

2.    **Motions *In Limine.***

3.    **Depositions and Discovery Responses.**  One copy of any deposition transcripts and any other discovery responses either party intends to offer as evidence, other than solely for impeachment or rebuttal, shall be lodged (not filed) with the court.  The parties shall highlight the pertinent portions of the deposition transcripts and discovery responses.

4.    **Proposed Voir Dire Questions (Jury Trials Only).**  Proposed voir dire questions shall be submitted to the court.  The examination of trial jurors shall be conducted by the Judge.  The court will also allow limited follow up voir dire by attorneys.  Juror questionnaires are permitted in limited situations.  If the parties wish to submit juror questionnaires, the parties must contact the court well in advance of the pretrial conference to discuss procedures.

6.    **Form of Verdict (Jury Trials Only).**  Each party shall serve and submit to the court its proposed form of verdict on the day of the pretrial conference.  In addition to the paper copy, each party shall also submit a copy of its proposed form of verdict on a computer disk in either ASCii text or WordPerfect format.

7.    **Proposed Findings of Fact and Conclusions of Law (for Non-Jury Trials Only).**  In actions tried to the court without a jury, each party shall file Proposed Findings of Fact and Conclusions of Law no later than the day of the pretrial conference.  In addition to the paper copy, each party shall also submit a copy of its file Proposed Findings of Fact and

-2-

Conclusions of Law on a computer disk in either ASCii text or WordPerfect format.

   **8.**   **Joint Pretrial Statement.** The Joint Pretrial Statement shall include the following:

   **a.**   **Substance of the Action.** A brief description of the general nature of the action.

   **b.**   **Stipulations, Agreed Statement and Undisputed Facts.** A statement of: (I) any stipulations requested or proposed for pretrial or trial purposes; (ii) whether all or part of the action may be presented upon an agreed statement of facts; and (iii) all relevant facts not reasonably in dispute, as well as any facts to which the parties will stipulate for the trial record without the necessity of supporting testimony or exhibits.

   **c.**   **Disputed Factual Issues.** A plain and concise statement of all disputed factual issues which remain to be decided.

   **d.**   **Disputed Legal Issues.** Without extended legal argument, a plain and concise statement of each disputed point of law concerning liability, relief, procedure and/or evidence. (When appropriate, full legal argument with citations to statutes and case law should be submitted by way of a Trial Brief.)

   **e.**   **Deposition Excerpts and Discovery Responses.** Pursuant to Fed.R.Civ.P. 26(a)(3), a list of any deposition testimony (by page and lines) or other discovery responses that each party may offer as evidence at trial, other than solely for impeachment or rebuttal.

   **f.**   **Witnesses to be Called.** Pursuant to Fed.R.Civ.P. 26(a)(3), a list of the name of each witness each party expects to call at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given. Each party shall separately identify those witnesses whom the party expects to call and those witnesses whom the party may call if the need arises.

   **g.**   **Exhibits, Schedules and Summaries.** Pursuant to Fed.R.Civ.P. 26(a)(3), a list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal. Each item on the list shall be identified by an exhibit number, followed by a brief statement describing its substance or purpose, and the identity of the sponsoring witness. The parties must meet and confer on a division of exhibit numbers which will avoid duplication of numbering. If possible, parties should stipulate to the authenticity and admissibility of exhibits prior to trial. **Any disputes regarding the authenticity and/or**

**admissibility of any exhibits must be brought to the court's attention no later than the Pretrial Conference, or the objections will be deemed waived.**

**h.    Relief Prayed**. A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

**I.    Estimate of Trial Time**. An estimate of the number of court days needed for the presentation of each party's case, indicating any possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

**j.    Amendments, Dismissals**. A statement of any requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

**k.    Settlement Discussion**. A statement indicating whether further settlement negotiations would likely be productive.

**l.    Miscellaneous**. A statement describing any other subjects relevant to the trial of the action or material to its just, speedy, and inexpensive determination.

**B.    Five (5) Court Days Prior to the Pretrial Conference.**

Unless otherwise ordered, the parties shall file and serve the following not less than five (5) court days prior to the pretrial conference.

**1.    Oppositions to Motions *In Limine*.**

**2.    Objections to the use of Deposition Excerpts or other Discovery Responses.** Unless otherwise ordered, any objections to excerpts from depositions, or other discovery responses, designated in the Joint Pretrial Statement shall be filed in writing, along with a certification that counsel conferred with opposing counsel regarding any such objections.

**3.    Counter-Designations.** In the event a party contends that a deposition excerpt or other discovery response is incomplete without inclusion of addition deposition excerpts or other discovery responses, the party shall file a counter-designation listing any additional deposition testimony (by page and lines) or other discovery responses it contends are necessary for a complete and fair record. Any objections to the counter-designations shall be served (by fax and mail) and filed the day before the Pretrial Conference (the after-hours drop box may *not* be used for this filing).

4.    **Objections to Voir Dire and Verdict Forms.** Unless otherwise ordered, any objections to use of proposed voir dire or verdict forms shall be filed in writing, along with a certification that counsel conferred with opposing counsel regarding such objections.

5.    **Jury Instructions (Jury Trials Only).** The court has a standard set of preliminary instructions which will be given at the beginning of trial and standard closing instructions which will be given prior to closing argument based upon the MODEL JURY INSTRUCTIONS OF THE NINTH CIRCUIT. The parties should not submit preliminary or closing instructions.

The parties shall file a **joint** set of all proposed <u>substantive</u> instructions, unless specific leave to the contrary is granted by the Court. The Court prefers parties to use the MODEL JURY INSTRUCTIONS OF THE NINTH CIRCUIT or CALIFORNIA JURY INSTRUCTIONS, modified and supplemented as necessary. The parties shall also submit to the court: 1) a copy of all proposed instructions on a computer disk in either WordPerfect, Word or ASCii text format; and 2) an additional copy of the proposed jury instructions in a three-ring binder for the court's use.

In the event parties are unable to agree on the language of a particular instruction, the objecting party shall submit an alternative instruction, placed immediately following the instruction to which an objection is being made, and a brief statement of the ground for the objection. **Challenged instructions must be clearly marked and identified.**

Each proposed instruction shall be written in plain language, comprehensible to jurors, concise and free from argument, cover only one subject which shall be indicated in the caption, and be written out in full on a separate page. On a separate page following each instruction, the parties must provide citation to the authority upon which each instruction is based.

Patricia V. Trumbull
United States Magistrate Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

1

2          IN THE UNITED STATES DISTRICT COURT

3          FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                    SAN JOSE DIVISION

5   Case No. _____

6

7          STANDING ORDER REGARDING

8          CASE MANAGEMENT IN CIVIL CASES

9          This order sets forth requirements for initial case management in all civil matters assigned to District

10  Judges James Ware, Ronald M. Whyte and Jeremy Fogel, and Magistrate Judges Patricia V. Trumbull, Richard

11  Seeborg, and Howard R. Lloyd. All papers filed must include the case number of the action followed by the

12  initials of the assigned district judge or magistrate judge and, if applicable, the initials of the magistrate judge to

13  whom the action is referred for discovery or other pretrial activity.

14          Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all parties

15  subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff shall file a certificate

16  of service in accordance with Civil L.R. 5-6(a).

17          All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned

18  magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a). Magistrate judges themselves handle

19  disclosure and discovery disputes in the cases assigned to them.

20          Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel

21  must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.

22          Civil motions under Civil L.R. 7-2 in cases assigned to Judge Ware may be noticed for hearing on any

23  Monday at 9:00 a.m.

24          Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for hearing on any

25  Friday at 9:00 a.m.

26

27

28

1    Civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for hearing only
2    after contacting Judge Fogel's judicial secretary, Teresa Fleishman, at 408-535-5426 and obtaining an available
3    date.

4    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Trumbull may be noticed for
5    hearing on any Tuesday at 10:00 a.m.

6    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Seeborg may be noticed for
7    hearing on any Wednesday at 9:30 a.m.

8    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be noticed for
9    hearing on any Tuesday at 10:00 a.m.

10    Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference will be
11    held on _____ at _____, at the United States Courthouse, 280
12    South First Street, San Jose, California. This conference may be continued only by court order pursuant to Civil
13    L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without court approval.

14    Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall confer with
15    their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P. 26(f), Civil L.R. 16-8
16    and 16-9, and in patent cases, Patent L.R. 3.1 through 3.6. A meaningful meet and confer process prior to the
17    Case Management Conference and good faith compliance with the requirements of this Order are essential
18    elements of effective case management. Failure to meet and confer, to be prepared for the Case Management
19    Conference or to file a Joint Case Management Conference Statement may result in sanctions. Parties may, but
20    are not required, to attend the Case Management Conference.

21    In all "E-filing" cases when filing papers in connection with any motion for determination by a judge,
22    the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by
23    the close of the next court day following the day the papers are filed electronically. These printed copies shall be
24    marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the
25    judge's name, case number and "E-filing Chambers Copy." Parties shall not file a paper copy of any document
26    with the Clerk's Office that has already been filed electronically.

27    IT IS SO ORDERED.

28    Dated: Effective on the date this order is filed, until further court order.

James Ware
United States District Judge


Ronald M. Whyte
United States District Judge


Jeremy Fogel
United States District Judge


Patricia V. Trumbull
United States Chief Magistrate Judge


Richard Seeborg
United States Magistrate Judge


Howard R. Lloyd
United States Magistrate Judge