**M. JEAN STARCEVICH (#78298)**
770 Lincoln Avenue
San Jose, CA. 95126
TELEPHONE: (408) 287-7787
FACSCIMILE: (408) 287-8862

**ROBERT L.MEZZETTI, II (#114282)**
**MEZZETTI LAW FIRM**
31 East Julian Street
San Jose, CA. 95112
TELEPHONE: (408) 279-8400
FACSIMILE: (408) 279-8448

Attorneys for Plaintiff **BAHMAN M. GHANI**

**MICHAEL W. FOSTER (#127691)**
**DANIELLE OCHS-TILLOTSON (#178677)**
**DAVID J. CARDIFF (#184264)**
**FOSTER & ASSOCIATES**
610 16th Street, Suite 310
Oakland, CA. 94612
TELEPHONE: (510) 763-1900
FACSCIMILE: (510) 763-5952

Attorneys for Defendant
**LOCKHEED MARTIN CORPORATION**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BAHMAN M. GHANI,<br><br>　　　　Plaintiff,<br>　vs.<br><br>LOCKHEED MARTIN CORPORATION;<br>DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. C08-02120 JF<br><br>Case Filed: March 13, 2008<br><br>**JOINT CASE MANAGEMENT**<br>**CONFERENCE STATEMENT**<br><br>Date:　August 15, 2008<br>Time:　10:30 a.m.<br>Ctrm:　3, 5th Floor<br>Judge:　Hon. Jeremy Fogel |

1
**JOINT CASE MANAGEMENT STATEMENT**

1.  **Jurisdiction and Service:** All necessary parties have been served. This case was removed from the Santa Clara County Superior Court and is before this court pursuant to its diversity jurisdiction as found in 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 144(b).

2.  **Facts:** Plaintiff Bahman M. Ghani contends as follows: Ghani worked for the Lockheed Martin Space Systems Company ("LMSSC") division of Lockheed Martin Corporation ("LMC") for 27 years, starting with his graduation from college in 1980, until his employment was terminated on June 7, 2007. In November of 2006, an employee whom Ghani supervised requested personal time off so that he could attend to a family crisis. This employee advised Ghani that his son was running with the wrong crowd, was getting involved with illegal drugs, and had encountered problems with law enforcement. He advised Ghani he needed personal time off to deal with the issue, which Ghani gave to him, and Ghani reported and coded each time a request was made as "personal time off" relating to an "incidental absence." This employee's requests for personal time off continued on and off throughout the spring of 2007, at which time the employee neither reported to work nor made any further requests, at which time his employment was terminated.

At the time this employee's employment was terminated, plaintiff was advised his own conduct was being investigated for the manner in which he had coded this particular employee's request for time off. Plaintiff was advised the "personal time off" code for incidental absences could only be used for five consecutive days, a limitation of which he was previously unaware and further, which he could not find in Lockheed policy when the request relates to an incidental absence relating to personal time off due to the illness of a family member.

Nonetheless, on June 7, 2007, in a meeting at Lockheed, plaintiff was verbally advised he had been negligent in his supervisory duties, and as a result of this misconduct, his

employment was terminated. Plaintiff was also given a letter of termination that same day which stated his employment was terminated "as a result of your misconduct in violation of Lockheed Space Systems Company CM 1.5.1-T1-HRmgt.1.3-D, Conduct and Disciplinary Action for Salaried Employees." Lockheed Space Systems Company CM 1.5.1-T1-HRmgt.1.3-D, Conduct and Disciplinary Action for Salaried Employees provides a salaried employee may be discharged for "allegations of theft or misuse of Lockheed Martin or Government property, funds, or other resources."

After plaintiff left Lockheed, he attempted to secure new employment but was advised his top secret governmental security clearance could not be transferred. As a result, job offers that he obtained were rescinded. Further, in January of 2008, when plaintiff was to attend a meeting at Lockheed as requested by his current contractor and the U.S. Navy, he was informed by the person organizing the meeting that Lockheed HR had denied him access to the plant. The meeting was a working group that is held periodically to review data result. Several associated contractors attend. At the time plaintiff's current contractor's security officer put in a formal request to visit the Lockheed facility, plaintiff called the meeting's point of contact for status and was told that his request was refused/denied by Lockheed without specific reason.

LMC contends as follows: Throughout his employment, plaintiff was advised as to proper maintenance of time records and the importance of accurately charging time, particularly as LMSSC is a government contractor with strict guidelines regarding mischarging time that may be billed to its government clients. Ghani's direct report worked for only a short period before taking an extended personal leave, which Ghani contends was due to problems with the employee's son. Instead of accurately designating this absence as unpaid leave and/or reporting said absence to human resources, Ghani improperly coded the time in various ways that resulted in the direct report receiving full salary to which he was otherwise not entitled over many months. Ghani's conduct in this regard directly violated

company policy of which he was expressly aware and/or policies of which he should have been aware based on the training and materials provided to him and other managers at LMSSC.

At all times, Ghani's employment was "at-will" pursuant to California Labor Code Section 2922, as reflected in policies published by LMSCC to its employees, including Ghani.

At the time of his termination, Ghani was working on a particular government program requiring a security clearance. As with persons whose employment ends at LMSSC, Ghani's security clearance was revoked by the company at the time of termination. At no time did anyone from LMSCC make any representations to any persons outside of the company about the reasons for plaintiff's termination. LMSCC has not engaged in any conduct of any type towards keeping Ghani from securing employment by any other employer.

3. **Legal Issues:**

Plaintiff claims LMSCC breached an implied contract not to terminate his employment except for good cause. Plaintiff claims LMSCC did not have good cause to terminate his employment. Plaintiff also claims that LMSCC tortiously interfered with both his ability to obtain and retain employment, thereby giving rise to a cause of action for tortious interference with economic advantage.

LMC claims Plaintiff's employment was at-will pursuant to California Labor Code Section 2922 and, thus, good cause was not required to terminate said employment. Nonetheless, LMC contends good cause existed for said termination, as the decision to terminate Ghani's employment was based on a proper, business-related reason made in good faith, and that said reason was not arbitrary, capricious, or unlawful. LMC further claims that plaintiff cannot maintain a tort claim against defendant related to his failure to secure or retain alternative employment.

4.   **Motions:**  Plaintiff does not anticipate bringing any motions, but reserves the right to do so should a need arise.  Defendant anticipates bringing a motion for summary judgment and/or summary adjudication of issues.

5.   **Amendment of Pleadings:**  At present, neither party anticipates amendment of pleadings.

6.   **Evidence Preservation:**   There are currently no outstanding issues between the parties regarding evidence preservation.  At the time of plaintiff's termination and before this litigation was filed, due to the sensitive nature of the programs on which plaintiff was working, plaintiff's computer was purged of all material.  LMC has maintained all electronic material in its possession related to this litigation as of the filing of this Complaint.

Plaintiff has little by way of emails in that his work computer was confiscated, but those emails which he did preserve regarding the circumstances and facts leading to his termination were downloaded and were produced to LMC as part of his initial disclosures.

**7.**   **Disclosures:**  Plaintiff and defendant have fully complied with the initial disclosure requirements of Federal Rules of Civil Procedure, Rule 26(a) in a timely manner.  Both parties have disclosed witnesses, and described and exchanged documents.  Further, plaintiff has provided to the defendant his damage calculations as well as the documents which support those calculations.  Defendant has confirmed that it is not aware of any insurance coverage applicable to the claims made in the Complaint.

8.   **Discovery:**  The parties have not yet initiated discovery.  Pursuant to Rule 26(f), the parties affirm:

   A.   The parties have made those disclosures as required under Rule 26(a);

   B.   Discovery will be conduced upon the following discrete subjects:

   1.   Facts and documents regarding plaintiff's employment status, whether at-will or otherwise;

   2.   Facts and documents concerning the events and circumstances leading to the termination of plaintiff's employment;

3.      Facts and documents concerning Ghani's efforts to secure employment and communications, if any, between LMSCC and other third party employers concerning the termination of Ghani's employment; and

4.      Ghani's damages, if any.

The parties agree to the following discovery plan and schedule: The parties estimate neither the number of depositions nor time required for each deposition will exceed those time limits as set forth in Federal Rules of Civil Procedure, Rule 30. In addition, each party intends to serve no more than two sets of interrogatories, each not to exceed twenty five questions in length as provided by Federal Rules of Civil Procedure, Rule 33; two sets of requests for documents; and one set of request for admissions. In addition, documents will be subpoenaed from third parties as required. The parties do not request at this time any changes with regard to the limitations on discovery imposed by the federal rules of civil procedure or by local rules, except as to the number of interrogatories that may be served.

Stipulated protective orders may be sought under Rule 26(c) for confidential financial and/or proprietary information, as the need arises, but none are requested at this time.

9.      **Class Actions**: This is not a class action.

10.     **Related Cases**: There are no known related cases.

11.     **Relief:** Plaintiff alleges as follows: Plaintiff seeks relief in the form of monetary damages calculated as follows: At the time of his termination, plaintiff Ghani was earning $158,000/year in salary, exclusive of benefits. With benefits, plaintiff Ghani estimates his compensation package exceeded $190,000/year. Plaintiff was unemployed for a period from June of 2007 through the end of September 2007, at which time he secured part-time employment earning $66,000 annually. He is currently working in that part-time position with a possibility it will become fulltime on August 1, 2008. If the position becomes full-time, plaintiff has been advised his salary will become $132,000 annually, or $26,000/year less than he was earning in June of 2007 with Lockheed, in salary alone. He

will not be receiving a wage commensurate with prior earnings levels at LMSCC, nor is it certain that he will ever achieve those prior earning levels

For that period of time between **June of 2007 through the end of September, 2007**, during which plaintiff was unemployed his wage loss equals: **$63,333.32**, which is computed by taking plaintiff's yearly earnings and benefits of $190,000, dividing them by 12, and multiplying them by 4, the period of time in which plaintiff was unemployed.

For that nine month period between **October 1, 2007 through August 1, 2008**, during which time plaintiff has only held part-time employment, plaintiff has earned $5500/month, or $49,500 for that nine month period. Had plaintiff remained at LMSCC during that same ninth month period, he would have earned approximately $142,500. ($190,000/12 x 9). Thus, the loss for that nine month period is: **$93,000** ($142,500 - $49,500).

Finally, from and after August 1, 2008, plaintiff's losses will continue. If full-time employment is secured with his same employer, he will be earning $132,000/year. Taking into account plaintiff's last salary and benefit package at Lockheed ($190,000), and assuming there would be no future raises either at plaintiff's present place of employment or at Lockheed, and taking into account plaintiff's present age of 50, plaintiff estimates his present damages which are continuing into the future at $58,000/year. Assuming plaintiff works until age 70, this represents a 20 year straight line **future wage loss of $1,160,000**.[1]

Plaintiff also claims prejudgment interest on those amounts which were foreseeable and capable of being made certain.

LMC contends: Defendant does not dispute at this time that plaintiff earned approximately $158,000 in annual salary at the time of his termination. Nonetheless, defendant asserts that plaintiff's failure to properly mitigate damages prohibits his recovery of the difference between his last LMSCC salary and monies earned from his part-time

---

[1] These figures will all be refined as expert witnesses are retained and disclosed.

employment. Further, defendant disputes that plaintiff is entitled to future wage loss as damages.

12.  **Settlement and ADR:** The parties have agreed to private mediation as the preferred method of ADR and have complied with ADR L. R. 3-5, having filed both their ADR certification as well as their stipulation to ADR process with this court. In addition, the parties have made those initial disclosures are required by Rule 26(a), including producing the actual documents identified in those disclosures. There is some key discovery which may narrow the issues to position the parties to negotiate a resolution, including discovery related to at-will employment and the facts and circumstances related to plaintiff's termination. The parties anticipate that mediation can be concluded by January 2009.

13.  **Consent to Magistrate Judge for All Purposes:**

The parties do not consent to a Magistrate Judge for all purposes.

14.  **Other References**: Neither party believes this matter is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.  **Narrowing of Issues**:

The nature of plaintiff's employment may or may not be established by dispositive motion. In addition, the parties believe they can stipulate to: (1) The dates of plaintiff's employment; (2) The positions plaintiff held; (3) Plaintiff's compensation; and (4) Some of the reasons that were communicated to plaintiff for the termination of his employment. As the litigation and discovery progress, other stipulated facts may be reached. At this time there is no request to bifurcate issues, claims or defenses.

16.  **Expedited Schedule:** Neither party believes an expedited schedule is required in this matter.

17.  **Scheduling:** The parties have met and conferred and suggest the following schedules:

    a.  **Deadline for fact discovery**: April, 2009

  b. **Expert disclosure deadline**: May, 2009

  c. **Deadline for expert discovery**: June, 2009

  d. **Deadline for hearing dispositive motions**: June, 2009

  e. **Pretrial Conference:** July or August, 2009

  f. **Trial Date:** August, 2009.

18. **Trial:** Plaintiff has demanded a jury trial in this matter. The parties in this matter estimate trial will take 5 -7 days, including jury selection.

19. **Disclosure of Non-party Interested Entities or Persons:**

None known. However, each party has filed the Certification of Interested Entities or Parties as required by Civil Local Rule 3-16.

20. **Other Matters as may facilitate the just, speedy, and inexpensive resolution of this matter:** None known.

DATED: July 15, 2008   /s/M. Jean Starcevich
             **M. JEAN STARCEVICH**
             Attorney for Plaintiff
             **BAHMAN M. GHANI**

DATED: July 15, 2008   /s/Michael W. Foster
             **MICHAEL W. FOSTER**
             Attorney for Defendant
             **LOCKHEED MARTIN CORPORATION**